UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NORTH TRADE U.S., INC.
        -Plaintiff,


        -v-                              CIVIL 3:03CV1892(CFD)(TPS)


GUINNESS BASS IMPORT COMPANY
d/b/a DIAGEO-GUINNESS USA,
        -Defendant.


RULING ON DEFENDANT'S MOTIONS TO STRIKE

Pending before the Court are Defendant's two Motions to Strike **(Dkts. # 106, 155)**.  In its first Motion to Strike **(Dkt. # 106)**, defendant Guinness Bass Import Company d/b/a/ Diageo-Guinness USA ("Diageo") requests that the Court strike Michael MacPherson's errata sheet from the record, pursuant to Federal Rule of Civil Procedure 30(e).  In its second Motion to Strike **(Dkt. # 155)**, Diageo asks the Court to strike plaintiff North Trade's alleged improper declarations pursuant to Federal Rules of Civil Procedure 56(e) and 30(e), and District of Connecticut Local Rule 83.13.  The defendant's motions **(Dkt. # 106, 155)** are both **DENIED**.

## I.  FACTS

The relevant facts, as described in the parties' memoranda, are as follows.  The deposition of Michael MacPherson, one of the

two owners of North Trade, was taken on January 18, 2006.  On January 20, the court reporter from Esquire Deposition Services sent a hard copy of the deposition transcript to North Trade's attorney, who received the transcript January 23, 2006.  On March 2, 2006, Mr. MacPherson's errata sheet was sent to the Esquire Deposition Services.  On the errata sheet, Mr. MacPherson had made thirteen (13) changes to the transcript, eight (8) of which are at issue here.

In addition to the errata sheet, plaintiffs submitted numerous declarations related to the pending motions.  On April 3, 2006, Ryan K. Cummings, counsel for North Trade, submitted a declaration in support of North Trade's Motion for Summary Judgment.  On April 24, 2006, both Mr. Cummings and Mr. MacPherson submitted declarations in support of North Trade's Memorandum in Opposition to Defendant's Motion to Strike the Errata Sheet of Michael MacPherson.  In these declarations, Mr. MacPherson and Mr. Cummings explained the changes Mr. MacPherson had made to his deposition testimony.  On the same date, Attorney Cummings submitted a declaration in support of North Trade's Memorandum in Opposition to Defendant's Motion for Sanctions.  On May 12, 2006, Mr. MacPherson submitted a declaration in support of North Trade's Memorandum in Opposition to Defendant's Motion for Summary Judgment.  Finally, on June 3, 2006, Attorney Cummings filed a declaration in support of North Trade's Memorandum in Opposition to Defendant's Motion for

Further Discovery Under Rule 56(f) and Issuance of a Letter of
Request.

Defendant argues that Mr. MacPherson's errata sheet should be
stricken because it improperly contained substantive changes to his
testimony and because it was not filed within the time required by
Rule 30(e) of the Federal Rules of Civil Procedure. Plaintiff
counters that Second Circuit authority permits the types of changes
made in the errata sheet.

Defendant Diageo similarly argues that the declarations of
Attorney Cummings and Mr. MacPherson are improper. Defendant
argues that if these declarations are made based on personal
knowledge, they "would make counsel for North Trade a witness and
ineligible to represent the plaintiff, and if not based on personal
knowledge are speculation and should be stricken from the record."
(Def.'s Mem. Supp. Mot. 2.) Plaintiff argues, *inter alia*, that the
declarations need not be stricken because they are in accordance
with Federal Rule of Civil Procedure 30(e). Further, plaintiff
argues that defendant's reliance on Rule 56(e) and Local Rule 83.13
is misplaced.

## II. STANDARD OF REVIEW

### A. Changes to a Deposition Transcript

Federal Rule of Civil Procedure 30(e) states:

If requested by the deponent or a party before completion of
the deposition, the deponent shall have 30 days after being
notified by the officer that the transcript or recording is
available in which to review the transcript or recording and,

-3-

> if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

Fed. R. Civ. Proc. 30(e).  The circuits are split as to the scope of permissible changes that may be made to a deposition transcript under Rule 30(e).  7 Moore's Federal Practice § 30.60[3](Matthew Bender 3d ed. 2006).  Some courts have held that the only changes permitted by Rule 30(e) are non-substantive in nature, such as the correction of typographical or spelling errors.  See, e.g., Burns v. Bd. of County Comm'rs, 330 F.3d 1275, 1282 (10th Cir. 2003); Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992). Other courts, including the Second Circuit, have allowed deponents to make any change, in form or substance, to their deposition transcript. See Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997)(affirming District Court's finding that deponent was not entitled to have his altered answers replace the original ones, but rather that his changed answers became a part of the record generated during discovery).

## B.  Attorney Affidavits

Affidavits are frequently used to support Motions for Summary Judgment, however Rule 56(a) states that the use of affidavits is within the discretion of the moving party.  Fed. R. Civ. P. 56(a). Further, although Rule 56 only discusses affidavits, courts generally also treat written statements subject to the penalty of perjury as the equivalent of an affidavit for summary judgment.

-4-

See DeMars v. O'Flynn, 287 F. Supp. 2d 230, 242 (W.D.N.Y. 2003).

In certain circumstances, it is appropriate for attorneys to submit personal affidavits in support of their motions for summary judgment.  Counsel may present admissible evidence in an affidavit where the evidence relates to items in the case, such as items in the record or items produced in discovery.  11 Moore's Federal Practice § 56.14(1)(c) (Matthew Bender 3d ed. 2006).  However, an attorney may not use the affidavit as a vehicle through which to introduce new evidence in support of the litigant's position, unless the documents were "already in the record, were created as part of the litigation (e.g. discovery materials), or relate to client representation or law firm matters on which the attorney is competent to testify."  Id.

### III.  DISCUSSION

**A.  Errata Sheet**

Defendant argues that Mr. MacPherson's errata sheet materially altered his deposition testimony, and it should therefore be stricken.  Regardless of whether the alterations made were material or not, the Court finds that MacPherson's alterations are permissible.

The rationale for allowing material changes to testimony is that the original answers to the deposition questions will remain part of the record and can be introduced at the trial.  7 Moore's Federal Practice § 30.60[3](Matthew Bender 3d ed. 2006).  Since the

prior testimony is not removed from the record, the deponent may be cross-examined and impeached by any inconsistencies in his testimony. Id. Under this approach, the finder of fact may make a determination as to the credibility of the deponent, thus reducing the risk that the record can be manipulated. Id. For this reason, there will be no prejudice to the defendant if MacPherson's changes are not stricken from the record.

Although Federal Rule of Civil Procedure 30(e) allows a deponent thirty (30) days to make changes to his deposition transcript, the fact that Mr. MacPherson's edits were several days overdue did not unduly prejudice the defendant. Plaintiff represents that Mr. MacPherson was on vacation during the review period, and the Court accepts this representation. Therefore, the slight delay in return is not fatal in this instance. In sum, the Court finds that there was no prejudice caused by the alterations on Mr. MacPherson's errata sheet, nor by his short delay in returning it to the deposition service.

**B.   Declarations of Mr. MacPherson**

Defendant Diageo also argues that Mr. MacPherson tried to change his deposition testimony through his declarations. Diageo argues that MacPherson's declaration is an opinion as to law and is an attempt to create a genuine issue of material fact to defeat summary judgment. (Def.'s Mem. Supp. Mot. 4). Podell did not hold that new evidence may not be introduced, but rather held that a

District Court should look at the totality of the evidence when new evidence is introduced to defeat summary judgment.  <u>Podell</u>, 112 F.3d at 103.  The Second Circuit Court of Appeals found that it was appropriate for the District Court to make a finding of summary judgment despite the introduction of new evidence, because "Podell's effort to retrieve the situation by scratching out and recanting his original testimony [did] not weigh enough in the balance to create an issue of fact for a jury." <u>Id.</u>  Similarly, in the instant case, MacPherson's declarations do not automatically create an issue of fact and therefore defeat summary judgment, as the defendant suggests.  Accordingly, Defendant's Motion to Strike the Declarations of Mr. MacPherson is **DENIED.**

C.   **Declarations of Attorney Cummings**

Diageo also argues that Attorney Cummings' declarations should be stricken because they are not based on personal knowledge, as required by Federal Rule 56(e).  However, three of the four declarations at issue **(Dkt. # 114, 118 & 165)** are unrelated to the motion for summary judgment; rather, they are related to motions for sanctions, to strike an errata sheet, and for further discovery.  For this reason, the personal knowledge requirement of Rule 56(e) does not apply.

Diageo also argues that Attorney Cummings' declarations set out contested facts, in violation of Local Rule 83.13.  Diageo asserts that if the Court considers the Cummings declarations,

Cummings will become a witness in the case.

## 1. April 4th Declaration (Dkt. # 107)

The personal knowledge requirement of Rule 56(e) applies to affidavits in support of a Motion for Summary Judgment, such as this.[1]  The Court finds that portions of the information contained in this declaration were not within Attorney Cummings' personal knowledge.   Initially,  the  Court  notes  that  the  declaration addresses pertinent dates and events in the litigation about which any attorney involved in this case would seem to have knowledge. The exhibits attached to Attorney Cummings' declaration are also permissible, as they do not contain evidence that is not already in the record.  However, much of Attorney Cummings' declaration seems to  address  contested  facts  that  are  not  within  his  personal knowledge.  (See, e.g., ¶¶ 70-71, 82, 97-98, 100-101, 103-104, 130-131.)

An attorney's affidavit or declaration not based on personal knowledge carries no weight.  Omnipoint Communs., Inc. v. Common Council of Peekskill, 202 F. Supp. 2d 210, 213 (S.D.N.Y. 2002). When an affidavit does not comply with the requirements of Rule 56, the offending portions should be disregarded by the court.  Wahad v. FBI, 179 F.R.D. 429, 435 (S.D.N.Y. 1998) (citing United States

---

[1] Attorney Cummings has submitted a declaration, and *not* an affidavit.  However, the Court finds that this Cummings' declaration is functionally equivalent to an affidavit for the purposes of this analysis, as they are sworn to and signed.

v. Alessi, 599 F.2d 513, 514-15 (2d Cir. 1979)).

Although the facts included in Attorney Cummings' declaration are not within his personal knowledge, it does not seem that the declaration prejudices the defendant.  The Judge considering Plaintiff's Motion for Summary Judgment may make a determination concerning the appropriate weight to assign Attorney Cummings' declaration, and whether or not portions of it should be disregarded, at that time.  Although Attorney Cummings improperly uses this declaration as a forum for legal argument, the defendant is not prejudiced, and therefore Defendant's Motion to Strike **(Dkt. # 155)** as to Cummings' April 4 declaration **(Dkt. # 107)** is **DENIED without prejudice.**  Attorney Cummings should cease using declarations for the purpose of argument from this point forward. Notarized argumentation is not necessary or helpful.

**2.  The Remaining Declarations of Attorney Cummings (Dkt. # 114, 118, and 165)**

The three remaining declarations of Attorney Cummings do not relate to a motion for summary judgment, and therefore the requirements of Rule 56(e) do not apply. See U.S. Small Business Admin. v. Citibank, N.A., No. 94 Civ. 4259 (PKL), 1997 WL 45514 (S.D.N.Y., February 4, 1997).  Attorney Cummings' April 24, 2006 Declaration concerning the errata sheet sets out the circumstances surrounding Michael MacPherson's review of his deposition transcript.  **(Dkt. # 114.)**  The April 24, 2006 declaration

concerning Diageo's Motion for Sanctions identifies relevant facts and documentary support for North Trade's opposition to the sanctions. **(Dkt. # 118.)** This declaration argues against Diageo's Motion for Sanctions by identifying relevant facts and documentary support for North Trade's position.   Cummings' June 3, 2006 declaration lays out a timeline relating to discovery issues in this litigation. **(Dkt. # 165.)**

Although the "personal knowledge" requirement does not apply, Attorney Cummings has made a representation under oath that each declaration is based upon his personal knowledge.   Although defendant is skeptical that these declarations are based on personal knowledge, and legal arguments more appropriately placed in memoranda, the Court finds that Attorney Cummings' declarations have not prejudiced defendant Diageo. As such, Defendant's Motion to Strike is **DENIED**. There should be no further declarations of this type.

## IV.   CONCLUSION

For the foregoing reasons, the Defendant's Motions to Strike **(Dkt. # 106, 155)** are hereby **DENIED**.   This is not a recommended ruling.   This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.   28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.   As such, it is an order of the court.   See 28 U.S.C. § 636(b)(written objections to

ruling must be filed within ten days after service of same).

   **IT IS SO ORDERED** at Hartford, Connecticut this 7th day of

August, 2006.

                              **/s/ Thomas P. Smith**
                              **Thomas P. Smith**
                              **United States Magistrate Judge**